DLD-005                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3759
_____

In re:  JASON ISAAC WEST,
                                                                Petitioner
_____

On a Petition for Writ of Mandamus from the United States
District Court for the Eastern District of Pennsylvania
(Related to Civ. No. 2-16-cv-03722)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
October 6, 2016

Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Filed: November 22, 2016)
_____

OPINION*
_____

PER CURIAM

Jason Isaac West seeks a writ of mandamus forcing the District Court to rule on

his most recent federal habeas corpus petition.  We will deny his request.

In 2013, the District Court denied West's first 28 U.S.C. § 2254 petition.[1]  In

2015, West filed a second habeas corpus petition, which he styled under 28 U.S.C.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.
[1] We declined his request for a certificate of appealability.  See C.A. No. 13-1292.

§ 2241. The District Court treated that petition as one brought under § 2254 and dismissed it as an unauthorized second or successive petition. Thereafter, West filed a motion to rescind the District Court's order and a motion to correct an error on the docket, both of which the District Court ruled on promptly.

On July 7, 2016, West filed the habeas corpus petition at issue here, which the District Court assigned a new docket number. To date, the District Court has not ruled on West's latest habeas corpus petition, and he now seeks an order requiring the District Court to do so.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our] . . . jurisdiction[] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To justify the use of this extraordinary remedy, a petitioner must demonstrate that he has "no other adequate means to obtain [that] relief," and that "the right to issuance [of the writ] is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

We may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden, 102 F.3d at 79, but "[i]t is not for us to micro-manage the district court's docket," Lacey v. Cessna Aircraft Co., 932 F.2d 170, 178 (3d Cir. 1991). We will not issue the writ here, where there has been no delay that indicates the District Court has failed to exercise jurisdiction over West's case.

2

He filed his most recent habeas petition in early July, and the less-than-three-month delay about which he is concerned is nowhere near extraordinary.  See <u>Hassine v. Zimmerman</u>, 160 F.3d 941, 954 n.12 (3d Cir. 1998) (noting that district court delay must be "extraordinary" to warrant mandamus relief).  Moreover, a review of West's prior habeas proceedings shows that the District Court has actively exercised its jurisdiction over his cases.  The District Court has already adjudicated West's first and second requests for habeas relief, along with his various motions.  We are confident that the District Court will likewise adjudicate West's latest request for habeas relief in a timely fashion.

For these reasons, we will deny West's request for a writ of mandamus.